205 A.2d 574.

FLORA M. CIUNCI *et al. vs.* DOMENICO TROIANO.

DECEMBER 15, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is an action in assumpsit for damages alleged to have been incurred by reason of the defendant's breach of contract for the sale and purchase of real estate. It appears from the jacket entry that on April 17, 1964 the defendant's demurrer to the declaration was overruled, and his exception thereto was noted. It appears further that on April 30, 1964 the defendant's motion to strike an allegation as to the measure of damages set out in the first count was granted, and from that ruling the plaintiffs now prosecute a bill of exceptions to this court.

The plaintiffs in the first count allege the execution of an agreement in writing signed by defendant for the purchase of the property under consideration; that title was to pass on December 10, 1963; that at that time plaintiffs were able and willing to comply with the terms of the agreement but that defendant "although often requested, refused to purchase the said real estate as agreed upon; that as a result of the defendant's refusal to purchase the said real estate as agreed upon, the said real estate was subsequently sold for a sum less than the price agreed upon between the plaintiffs and the defendant * * *." The plaintiffs then set out the allegation that defendant made the subject matter of the instant motion to strike, which reads: "* * * and

that the said defendant thereby became liable to the plaintiffs for the difference in price that the said property was to be sold to the defendant and the price that it was subsequently sold for."

The defendant contends, first, that the bill of exceptions has been brought to this court prematurely, the decision on the motion not being a final decision within the purview of G. L. 1956, §9-24-24. There may be merit in the argument that plaintiffs are here seeking the sort of piecemeal review of their cause in this court that we disapproved in *Troy* v. *Providence Journal Co.*, 43 R. I. 22. However, because we take the view that it was not prejudicial error for the trial justice to grant the motion to strike, it would serve no useful purpose to remit this case to the superior court leaving unanswered the question raised by the bill of exceptions.

The plaintiffs contend primarily that the trial court erred in passing on the motion to strike because it was, in effect, a demurrer to the declaration and raised an issue that the court had heard and decided when it overruled defendent's demurrer on April 17. This is to argue, as we understand it, that the trial court misconceived the nature of the instant motion to strike or misunderstood its purpose. That a motion to strike may not be substituted for a substantial demurrer is well settled. *O'Brien* v. *M & P Theatres Corp.*, 72 R. I. 289.

We do not perceive, however, that the trial court dealt with the instant motion as other than a motion to strike. We will not presume that a trial court either misconceived the nature of a motion presented to it or misunderstood its purpose unless such misconception or misunderstanding is disclosed clearly in the record. Nothing in the instant record is persuasive that the trial court did not treat the motion as a motion to strike a conclusion of law set out in plaintiffs' declaration.

The record does not disclose the reasons for which the trial justice granted the motion to strike, but it is clear that the legal effect of his action was to strike from the declaration as surplusage an allegation of a legal conclusion. The plaintiffs had alleged the facts which, if proved, would establish the elements of damage, namely, defendant's refusal to perform under the agreement and a subsequent sale at a price less than that set in the contract. In addition, they alleged the measure of damages to be applied in the case, which clearly is a conclusion of law. That the pleading of such a legal conclusion, absent some peculiar circumstance, is surplusage is well settled in this jurisdiction.

In *DePaola* v. *National Insurance Co.*, 38 R. I. 126, this court took the view that surplusage includes any matter pleaded that is unnecessary either to the form or substance of the pleading and which, if stricken out, would leave a good pleading pending before the court. In that opinion we said at page 139: "Matter of this nature is deemed not to vitiate a pleading, and will be ordinarily disregarded, and while it may be properly stricken out on motion, it does not render a pleading subject to demurrer, either general or special." In view of that statement, it is our opinion that an allegation of a measure of damages is a legal conclusion and surplusage. As such, it is the proper subject matter of a motion to strike. In *Crafts* v. *Sweeney*, 18 R. I. 730, this court said at page 732: "The practice of striking out unnecessary and frivolous pleas has been repeatedly recognized and approved by this court, and we are fully in accord with such practice as tending to simplify the proceedings * * *."

A motion to strike an allegation of a legal conclusion as surplusage is, in our opinion, addressed to the sound judicial discretion of the court, and a ruling thereon is reviewable only for an abuse of discretion. It may reasonably be argued that in an exercise of that discretion legal conclusions ought not to be stricken from a pleading when supported

by appropriate allegations of fact set out therein, but we are persuaded that the real question is whether the pleader has been prejudiced by such a ruling.

In the instant case it is clear that the plaintiffs within the framework of the declaration may adduce evidence tending to prove the elements of damage set out therein. It is clear also that at trial, if the state of the evidence warrants such action, they may obtain an instruction from the court as to the applicability of the measure of damages for which they contend. Therefore, it is our opinion that though granting the motion to strike in such circumstances be deemed an abuse of discretion, it did not prejudice these plaintiffs.

The plaintiffs' exception to the ruling on the motion to strike is overruled, and the case is remitted to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum,* for plaintiffs.

*Albert Lisker,* for defendant.